UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CLIFFORD WEDGEWORTH,

     *Plaintiff*,

v.                                      No. 5:21-CV-00976-JKP

DISTRICT 2 EMERGENCY SERVICES, INC.

     *Defendant*.

### <u>MEMORANDUM OPINION AND ORDER</u>

     Before the Court is *Defendant's Motion to Dismiss* (ECF No. 21). Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(c), Defendant Wilson County Emergency Services District No. 2 ("Defendant" or "District 2")[1] seeks dismissal of Plaintiff Clifford Wedgeworth's ("Wedgeworth") claims asserted under the Americans with Disabilities Act ("ADA") and Rehabilitation Act. Because District 2 attached documents to the motion and sought dismissal on jurisdictional and non-jurisdictional grounds, the Court "exercise[d] its discretion to accept the proffered documents for all purposes subject to objection under Fed. R. Civ. P. 56(c)(2)," put the parties on notice that it "may treat the motion as one for summary judgment if a jurisdictional dismissal is unwarranted," and set a briefing schedule for the motion. *See* ECF No. 22 at 3. Wedgeworth thereafter filed a response (ECF No. 30), and District 2 filed a reply brief (ECF No. 32). The motion is ripe for ruling. After due consideration, the Court denies the motion.

     Wedgeworth filed his original complaint on October 13, 2021, and alleged disability discrimination under the ADA and the Texas Commission on Human Rights Act, retaliation for

---

[1] Defendant identifies itself differently than identified in Plaintiff's pleadings. The Court will mostly refer to Defendant as District 2.

seeking worker's compensation benefits under Chapter 451.001 of the Texas Labor Code, and discrimination under the Rehabilitation Act. *See* ECF No. 1. On December 14, 2021, District 2 filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Because Wedgeworth filed an amended complaint (ECF No. 10) in response, the Court mooted the motion to dismiss via text order, *see* ECF No. 11. The amended complaint asserts the same claims that Wedgeworth initially asserted. *See* ECF No. 10.

For unknown reasons, District 2 thereafter filed an answer purportedly in response to the original complaint. *See* ECF No. 12. On June 3, 2022, it filed the motion to dismiss that is now before the Court. *See* ECF No. 21. The motion raised three issues: (1) Wedgeworth did not properly plead District 2 had the threshold number of employees under the ADA; (2) District 2 had less than 15 employees during the relevant statutory period under the ADA; and (3) District 2 did not receive federal funding under the Rehabilitation Act. *See id.* at 4-8. As noted, the Court accepted documents provided with the motion and notified the parties that it may consider the motion as one for summary judgment. *See* ECF No. 22.

The parties agreed to extend the response deadline, conducted written discovery, and Wedgeworth deposed District 2's Fire Chief, Adam Marconi. ECF No. 30 at 6. On September 30, 2022, Wedgeworth filed his response to the motion. That same day, he filed an unopposed Motion for Leave to File Second Amended Complaint. *See* ECF No. 29. On October 3, 2022, the Magistrate Judge granted the motion for leave by text order. Based on his Second Amended Complaint (ECF No. 31), Wedgeworth is no longer pursuing his Rehabilitation Act claim. *See* ECF No. 30 ¶ 5; *accord* ECF No. 31 (omitting Rehabilitation Act claim).

Wedgeworth concedes the only issue for the Court to resolve is whether District had at least fifteen employees "for each working day in each of 20 or more calendar weeks in the current

or preceding year." ECF No. 30 ¶ 6; *see also* 42 U.S.C. § 12111(5)(A). District 2's motion to dismiss is a bit confusing. It argues § 12111(5)(A)'s numerosity requirement is a jurisdictional issue, and Wedgeworth has not established that the Court's has subject matter jurisdiction over this case. ECF No. 21 ¶¶ 4-7. However, the employee-numerosity requirement is not jurisdictional; it is an element of Wedgeworth's ADA claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (interpreting the employee-numerosity requirement of Title VII); *Minard v. ITC Deltacom Comms., Inc.*, 447 F.3d 352, 357 (5th Cir. 2006) (interpreting the employee-numerosity requirement in the Family Medical Leave Act context). In *Minard*, the Fifth Circuit noted that "in *Arbaugh* itself, the [Supreme] Court abrogated decisions by the Fifth and Sixth Circuits treating the Title VII employee-numerosity requirements as jurisdictional, while approving [appellate] decisions reaching the opposite conclusion with respect to the Americans with Disabilities Act as well as Title VII." 447 F.3d at 357 (omitting footnotes). Given these cases, it is clear that District 2 has asserted no viable jurisdictional defect that warrants dismissal of this case.

Because numerosity is an element of his ADA claim, a failure of Wedgeworth to establish such element would result in a dismissal of the claim on its merits, not due to any jurisdictional defect. Thus, as the Court notified the parties in its prior order, it will treat District 2's motion as one for summary judgment. *See* ECF No. 22 at 3.

As the summary judgment movant (as construed), District 2 "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But it is unclear from the briefing whether District 2's basis for summary judgment is the absence of evidence of an essential element of Wedgeworth's ADA claim, or whether it relies on evidence to negate the existence of a material fact. From the motion itself, the latter appears to be the case as shown by District 2's statement that even if Wedgeworth had specifically pled the

ADA's numerosity requirement, the claim warrants dismissal because District 2 "has conclusively proven that it employed less than 20 employees before, during, and after Wedgeworth's employment." *See* ECF No. 21 at 6. It does not explain how employment of less than twenty employees warrants dismissal when the threshold is fifteen. That matter aside, District 2's reply recognizes that the threshold is fifteen employees and specifically criticizes Wedgeworth for failing to present evidence to satisfy the numerosity requirement. *See* ECF No. 32 at 3. Thus, while the Court could construe District 2's reference to its payroll records and other documents attached to the converted motion to mean it seeks to use evidence to negate the existence of a material fact, the Court will not do so here.

The Court must ultimately determine whether District 2 had employment relationships with fifteen or more individuals for each working day in twenty or more calendar weeks during the calendar years in question. *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212 (1997). Under the interpretation adopted in *Walters*, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when." 519 U.S. at 211. Each person "is counted as an employee for each working day after arrival and before departure." *Id*. Further, to determine the existence of an employment relationship, courts look first to whether the individual appears on the employer's payroll. *Id*. Through traditional principles of agency law, a party may show that an employment relationship does not exist for an individual even though such individual appears on the payroll records. *Id*.

District 2 sought to challenge its own payroll records by raising a new ground for summary judgment in its reply brief. Specifically, District 2 argues some individuals who appear on its payroll records are volunteers and should not be counted as employees. It also contends that Wedgeworth fails to differentiate between full- and part-time employees. "Of course, as

4

recognized by the Fifth Circuit, '[a]rguments raised for the first time in a reply brief are generally waived.'" *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)). Therefore, the Court will not consider any argument raised by District 2 for the first time in its reply brief. In its prior order, the Court specifically provided District 2 additional time to "file any additional material to support its motion." *See* ECF No. 22 at 3. But District 2 did not file a supplemental brief or any additional evidence until it filed its reply brief after Wedgeworth had filed his response and his Second Amended Complaint. In light of all of this and based upon the apparent confusion in the briefing, the Court deems it prudent to deny District 2's summary judgment motion without prejudice.

On September 13, 2022, the parties filed a Joint Motion for Leave to Amend Scheduling Order seeking additional time to conduct discovery should the Court deny District 2's motion for summary judgment. *See* ECF No. 26. The Court finds the parties may benefit from additional discovery before it entertains the issues raised in the current briefing. Therefore, the Court denies District 2's instant motion for summary judgment (converted from the motion to dismiss) and notes that the case remains referred to the Magistrate Judge for pretrial matters. Because the Magistrate Judge denied the Joint Motion for Leave to Amend Scheduling Order without prejudice pending the undersigned's ruling on summary judgment, *see* ECF No. 28, the Court finds it appropriate for the parties to submit a renewed motion to amend scheduling order deadlines for consideration by the Magistrate Judge.

For the foregoing reasons, the Court **DENIES** *Defendant's Motion to Dismiss* (ECF No. 21) which has been converted to one seeking summary judgment because District 2's jurisdictional arguments failed to result in a jurisdictional dismissal. The denial of summary judgment is without prejudice to District 2 filing another such motion after further discovery. Because District 2 has

filed no answer to the Second Amended Complaint, it shall do so **on or before February 1, 2023**.

The Court will consider a properly filed and supported motion for summary judgment if filed

within any future deadline for dispositive motions set by the Magistrate Judge.

    **IT IS SO ORDERED this 18th day of January 2023.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE